UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FOREMOST SIGNATURE INSURANCE CO. )
A/S/O CHARLES ZAREMBA, SR., )
)
    Plaintiff, ) No. 06 C 2801
)
v. ) Judge John W. Darrah
)
MONACO COACH CORPORATION, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Foremost Signature Insurance Co., as subrogee of Charles Zaremba, Sr., filed suit against Defendant, Monaco Coach Corporation, alleging products liability (Count I), strict liability in tort (Count II), negligence (Count III), and breach of implied warranty (Count IV). Presently before the Court are Monaco's motion for a more definite statement as to Counts I - III and motion to dismiss Count IV.

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

Monaco manufactures and sells motor homes. Prior to June 15, 2001, Zaremba purchased a Monaco Coach Motor Home. On June 15, 2001, Zaremba was driving the motor home when he experienced engine problems. Zaremba pulled off the road and exited the motor home. Shortly thereafter, Zaremba noticed that the motor home was on fire. The fire spread to the entire motor home, causing the motor home to be a total loss. The fire started and/or was caused by the wiring installed by Monaco.

Foremost, the insurer of Zaremba's motor home, filed suit as subrogee of Zaremba. Count I alleges that at the time of manufacture, Monaco's wiring in the motor home, specifically in the area behind the couch in the motor home, was defective and/or unreasonably dangerous due to the tendency to spontaneously combust. Count II alleges that at the time of the motor home's manufacture and/or wiring, the motor home was not fit for its intended use and was, therefore, defective and unreasonably dangerous. Count III alleges that Monaco failed to exercise reasonable care when wiring the motor home. Count IV alleges that Monaco impliedly warranted that the motor home would be fully functional and suitable for its intended uses.

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (*Kolupa*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A filing under the Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

A plaintiff may be ordered to provide a more definite statement if the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

Monaco argues that a more definite statement is required for Counts I - III because, as pled, it is unclear which legal theory is alleged in each count. In essence, Monaco seeks to have Foremost plead more facts to more fully allege a specific theory of liability in each count. However, Foremost has alleged sufficient facts and legal theories to put Monaco on notice of the principal events and the claims alleged. Accordingly, the motion for a more definite statement is denied.

Monaco seeks to dismiss Count IV, arguing that the claim is time-barred.

Count IV is entitled "breach of implied warranty." Count IV alleges, in pertinent part, that "Monaco impliedly warranted that the motor home would be fully functional," "impliedly warrant[ed] that the motor home would in fact be suitable for the purposes of Plaintiff's insured," and that Plaintiff's insured suffered damages as "a direct and proximate result of the breach of implied warranties of merchantability and fitness for a particular purpose."

Claims for breach of implied warranty of merchantability or fitness for a particular purpose must be commenced within four years of the time of accrual; and the time of accrual is at the time of tender of delivery, regardless of the aggrieved party's lack of knowledge of the breach. *See* 810 ILCS 5/2-725(1), (2); *Pratt v. Sears Roebuck & Co.*, 71 Ill. App. 3d 825, 828-29 (1979). Foremost does not contest that if it was bringing a claim for breach of implied warranty of merchantability or fitness for a particular purpos, such claim would be time-barred because the instant suit was filed more than four years after the tender of delivery (and in this case, after the alleged fire). Instead, Foremost argues that Count IV should not be dismissed because "other warranties exist in the law

besides breach of implied warranty of merchantability or fitness for a particular purpose" and that breach of implied warranty of merchantability or fitness for a particular purpose are not specifically mentioned by name.

Contrary to Foremost's argument, Foremost specifically pled that it suffered damages as "a direct and proximate result of the breach of implied warranties of merchantability and fitness for a particular purpose." A plaintiff may plead itself out of court. *See Kolupa*, 438 F.3d at 715. Even drawing all reasonable inferences in Foremost's favor, Foremost has pled a claim for breach of implied warranty of merchantability and fitness for a particular purpose that is time-barred.

Based on the above, Foremost's breach of implied warranty claim in Count IV is dismissed as to the allegations of a breach of implied warranties of merchantability and fitness for a particular purpose. Because it is unclear whether Foremost is alleging a breach of implied warranty under an additional theory(ies), Foremost is given leave to file an Amended Complaint, if it can do so consistent with Rule 11, within 14 days of this Order.

For the foregoing reasons, Monaco's motion for a more definite statement is denied. Monaco's motion to dismiss Count IV is granted. Foremost is given leave to file an Amended Complaint, if it can do so consistent with Rule 11, within 14 days of this Order.

Dated: April Oct. 4, 2006

JOHN W. DARRAH
United States District Court Judge